use is actually destroyed, so that they will perform no function whatever, then they are lost as hands and feet. In ordinary and popular parlance, when a person is deprived of the use of a limb, we say he has lost it. This is the ordinary sense attached to the word when used in such a connection. * * * The expression 'loss of feet' would generally be understood to mean a loss of the use of those members; and if the lower portions of the plaintiff's body and his feet are completely paralyzed, and he is permanently and forever deprived of their use, he has suffered a 'loss of two entire feet,' within the meaning of the policy. This is the proper construction of the words of the contract. It is a forced and unnatural construction of the language, as here used, to hold that it means an actual amputation of these limbs, and does not embrace and include an entire deprivation of their use as members of the body."

In the case at bar a reasonably liberal construction gives the claimant the benefit of a loss of a third finger, where she still retains a considerable portion of it, which may be of more or less use to her; but to extend this construction to enable her to get more for this useless finger than she would be entitled to if the judgment of the surgeon had called for taking away a trifle more of the finger is absurd, and opens the way to fraud and litigation, where it was the purpose of the statute to eliminate both.

The award and order appealed from should be reversed, and further compensation denied. All concur.

---

POSSNER v. SMITH METAL BED CO. et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

Appeal from Workmen's Compensation Commission.

Proceeding by Abraham Possner for compensation under the Workmen's Compensation Law against the Smith Metal Bed Company, employer, and the Zurich General Accident & Liability Insurance Company, Limited, insurer. From an award of compensation, defendants appeal. Award reversed, and further compensation denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

PER CURIAM. Award reversed, and further compensation denied, on the opinion in Feinman v. Albert Mfg. Co., 155 N. Y. Supp. 909, decided herewith.

---

O'NEIL v. WEST SIDE STORAGE WAREHOUSE CO. et al. (No. 278-63.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

Appeal from Workmen's Compensation Commission.

Proceeding by Edward J. O'Neil for compensation under the Workmen's Compensation Law against the West Side Storage Warehouse Company, employer, and the Fidelity & Deposit Company of Maryland, insurer. From an award of compensation, defendants appeal. Award reversed, and further compensation denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

PER CURIAM. Award reversed, and further compensation denied, on the opinion in Feinman v. Albert Mfg. Co., 155 N. Y. Supp. 909, decided herewith. All concur.